1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRICELDA ROSETTO,           ) <br>                 ) <br>         Plaintiff,      ) <br>                 ) <br> vs.                 ) <br>                 ) <br> WELLS FARGO HOME MORTGAGE, et al.,   ) <br>                 ) <br>         Defendants.   ) <br>                 ) | Case No. 2:14-cv-00142-GMN-CWH <br><br> **ORDER** |

       This matter is before the Court on Defendants' Motion to Stay Discovery (#14), filed February 28, 2014. The motion is unopposed.

       Citing the strength and likelihood of success of its motion to dismiss (#4), Defendants Wells Fargo Home Mortgage and Mortgage Electronic Registration Systems, Inc. request that the Court stay discovery until the motion to dismiss is resolved. This motion to stay is unopposed.[1] Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." In addition to being unopposed, the undersigned has reviewed the underlying motion to dismiss and finds the necessary grounds upon which a stay may issue are satisfied.

       Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.

---

[1] The motion to dismiss is also unopposed.

1    1997).[2]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff

2    will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

3    Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*).

4    Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why

5    discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

6    Cir.1975)).

7             The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

8    discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. V. City of L.A.*,

9    163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the

10   need for expeditious resolution of litigation).  Ordinarily a pending dispositive motion is not "a

11   situation that in and of itself would warrant a stay of discovery."  *See Turner*, 175 F.R.D. at 555-56

12   (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev.

13   1989)).  To establish good cause for a stay, the moving party must show more than an apparently

14   meritorious Rule 12(b)(6) motion.  *Id*.  On the other hand, the Ninth Circuit has held that under

15   certain circumstances, a district court abuses its discretion if it prevents a party from conducting

16   discovery relevant to a potentially dispositive motion.  *See, e.g., Alaska Cargo Transport, Inc. v.*

17   *Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its

18   discretion in staying discovery if the discovery was relevant to whether or not the court had subject

19   matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did

20   not abuse its discretion in denying discovery when the complaint did not raise factual issues

21   requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)

22   (holding the propriety of a class action cannot be determined in some cases without discovery, and

23   to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d

24   1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district

25   court to allow litigants an opportunity to present evidence concerning whether a class action is

26

27

28        [2]  As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. at 603.

1   maintainable, and such an opportunity requires "enough discovery to obtain the material").

2     In evaluating the propriety of an order staying or limiting discovery while a dispositive

3   motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which

4   provides that the Rules shall "be construed and administered to secure the just, speedy, and

5   inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded

6   that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,

7   175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a

8   dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it

9   is more just to move the parties along in discovery while a dispositive motion is pending or to delay

10  discovery to accomplish the inexpensive determination of the case.

11    Defendants have made the necessary to showing to support the requested stay. Plaintiff has

12  not opposed either the motion to dismiss or the motion stay. Thus, there is no indication that the

13  issues in the pending dispositive motion require discovery. In conducting a "preliminary peek" the

14  undersigned believes that the likelihood of success on the motion to dismiss is high and most, if not

15  all, of the claims will be resolved upon disposition of the dispositive motion. This is a case where a

16  temporary stay of discovery will further the goals of judicial economy and control of the Court's

17  docket. Accordingly,

18    **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#14) is **granted**.

19    DATED: March 24, 2014.

20

21

22    **C.W. Hoffman, Jr.**
  **United States Magistrate Judge**

23

24

25

26

27

28