**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gricelda Rosetto,<br><br>                    Plaintiff,<br>     vs.<br><br>Wells Fargo Home Mortgage, *et al.*,<br><br>                    Defendants. | Case No.: 2:14-cv-000142-GMN-CWH<br><br>**ORDER** |

This action is filed by Plaintiff Gricelda Rosetto, and arises out of the foreclosure proceedings initiated against the property located at 3013 Ocean Port Dr., Las Vegas, NV, 89117, APN #: 163-07-720-003 ("the property"). (Compl., Ex. A to Notice of Removal, ECF No. 1.)  Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. ("MERS").

**I. BACKGROUND**

On March 7, 2013, Plaintiff filed suit in state court seeking injunctive relief and to quiet title to the property, and that case was removed to this Court as *Rosetto v. HSBC Bank USA*, No. 2:13-cv-00813-GMN-GWF (D. Nev. 2013). (*See* Order, July 23, 2013, Ex. 15 to RJN, ECF No. 5-15.)  The Court dismissed Plaintiff's claims with prejudice on July 23, 2013. (*Id.*)

Here, acknowledging this litigation history, Plaintiff has again filed suit in state court seeking injunctive relief as well as return of the property to herself, and the Defendants have removed the case to this Court. (*See* Compl.; Mot. Return of Property, ECF No. 19.)

As a basis for bringing the instant claims, Plaintiff alleges that, "after the Quiet Title action was dismissed, the Plaintiff discovered new evidence that several existing claims against [Defendant NDSC] existed alleging, among other things, fraudulent forging of Trust Deed documents in numerous foreclosure cases." (Compl., 4:¶17.)  Plaintiff alleges that the signature

on "the Trust Deed documents" relating to her property does not match the signature on other documents for properties unrelated to this action, and "thus the notary, [Defendant NDSC], and [Defendant Todd] . . . have committed fraudulent conveyance designed to circumvent the requirements of NRS 107.028(3)(a)." (*Id*. at 5:¶20.)

Plaintiff also brings two causes of action premised upon her cause of action for fraudulent conveyance, alleging violations of the Foreclosure Mediation Program Rules of the Supreme Court of Nevada. (*Id.*)

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a

1  complaint and whose authenticity no party questions, but which are not physically attached to
2  the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
3  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14
4  F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of
5  "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).
6  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is
7  converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

8      If the court grants a motion to dismiss for failure to state a claim, leave to amend should
9  be granted unless it is clear that the deficiencies of the complaint cannot be cured by
10 amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992)  Pursuant to
11 Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the
12 absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
13 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
14 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
15 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

16 **III. DISCUSSION**

17     As discussed below, the Court finds that the Motion to Dismiss (ECF No. 4) should be
18 granted, and that Plaintiff's requests for various forms of relief must be denied.  Plaintiff's
19 claims are likely barred by res judicata or judicial estoppel, as discussed by Defendants in their
20 motion.  Even if not, the Court finds that Plaintiff's claims also fail on the merits.  Therefore,
21 Plaintiff's Complaint must be dismissed.

22     **A. Cause of Action for "Fraudulent Conveyance" under Nev. Rev. Stat. § 107.028**
23     In her first cause of action, Plaintiff alleges that Defendants "have committed fraudulent
24 conveyance designed to circumvent the requirements of NRS 107.028(3)(a)." (Compl., 5:¶20.)
25     Under this statute, which became effective on July 1, 2011, "[a] trustee under a deed of

trust must not . . . [l]end its name or its corporate capacity to any person who is not qualified to be the trustee under a deed of trust." Nev. Rev. Stat. § 107.028(3)(a).  Also, a trustee must not "[a]ct individually or in concert with any other person to circumvent the requirements of subsection 1." Nev. Rev. Stat. § 107.028(3)(b).  Subsection 107.028(1) requires that "[t]he trustee under a deed of trust must be:

    (a) An attorney licensed to practice law in this State;
    (b) A title insurer or title agent authorized to do business in this State pursuant to chapter 692A of NRS;
    (c) A person licensed pursuant to chapter 669 of NRS;
    (d) A domestic or foreign entity which holds a current state business license issued by the Secretary of State pursuant to chapter 76 of NRS;
    (e) A person who does business under the laws of this State, the United States or another state relating to banks, savings banks, savings and loan associations or thrift companies;
    (f) A person who is appointed as a fiduciary pursuant to NRS 662.245;
    (g) A person who acts as a registered agent for a domestic or foreign corporation, limited-liability company, limited partnership or limited-liability partnership;
    (h) A person who acts as a trustee of a trust holding real property for the primary purpose of facilitating any transaction with respect to real estate if he or she is not regularly engaged in the business of acting as a trustee for such trusts;
    (i) A person who engages in the business of a collection agency pursuant to chapter 649 of NRS; or
    (j) A person who engages in the business of an escrow agency, escrow agent or escrow officer pursuant to the provisions of chapter 645A or 692A of NRS.

Nev. Rev. Stat. § 107.028(1).  Where a court finds that a trustee has violated this statute "in an action brought by a grantor, a person who holds title of record or a beneficiary," the court must award "[d]amages of $5,000 or treble the amount of actual damages, whichever is greater," an injunction, and "[r]easonable attorney's fees and costs . . . unless the court finds good cause for a different award." Nev. Rev. Stat. § 107.028(6).

    Here, the Court finds that Plaintiff has not alleged sufficient facts to allow the Court to reasonably infer that a violation of this statute on the part of Defendants is plausible.

    First, Plaintiff has not specifically stated her standing to bring this cause of action, but

the facts contradict any assertion that Plaintiff is a grantor or a beneficiary to the Deed of Trust, so the only basis on which Plaintiff may assert standing is as the person who holds title of record.

Next, Plaintiff does not state how Defendants have violated § 107.028, and does not specify the provision of subsection 107.028(1) that Defendants are alleged to have violated.

Finally, the facts do not show a likely violation on the part of Defendants. The original February 2007 Deed of Trust names Greenhead Investments, Inc. as Trustee. (Deed of Trust, Ex. 2 to RJN, ECF No. 5-2.) The Substitution of Trustee naming National Default Servicing Corporation as Trustee was recorded on July 23, 2009 with the signature of "Olivia A. Todd, President" of National Default Servicing Corporation by "Limited Power of Attorney" for HSBC Bank, USA, National Association, the beneficiary. (Substitution of Trustee, Ex. 6 to RJN, ECF No. 5-6.) The August 2012 Notice of Default was signed by "Amy Conway, Trustee Sales Administrator" for National Default Servicing Corporation, as Trustee for Wells Fargo Bank, N.A., the beneficiary. (Notice of Default, Ex. 11 to RJN, ECF No. 5-11.)

Plaintiff does not appear to allege that National Default Servicing Corporation fails to meet the requirements of subsection 107.028(1). Plaintiff provides no factual basis for the Court to infer that Olivia Todd and Amy Conway are anything other than agents of National Default Servicing Corporation, as stated in the publicly recorded documents. Plaintiff's allegations of a suspicious signature do not implicate the requirements of section 107.028. And Plaintiff does not allege that any of Defendants' actions in violation of subsection 107.028 were carried out while the statute was effective. Accordingly, the Court cannot find that Plaintiff has failed to state a claim to relief that is plausible on its face, even drawing all reasonable factual inferences in her favor.

Because there is no indication that any possible amendment would not be futile, the Court finds that leave to amend is not warranted.

**B. Foreclosure Mediation Program Causes of Action**

Under the State of Nevada's Foreclosure Mediation Program, "[a] party to the mediation may file a petition for judicial review with the district court in the county where the notice of default was recorded." Nev. Foreclosure Med. R. 21(2). "All such petitions shall be filed within 30 days of the date that the party to mediation received [notification]." Nev. Foreclosure Med. R. 21(3).

Plaintiff participated in a foreclosure mediation conference on November 9, 2012, and the Certificate states that "[t]he parties were unable to agree to a resolution of this matter," and that therefore "[t]he Beneficiary may proceed with the foreclosure process." (Certificate of Foreclosure Med., Ex. 13 to RJN, ECF No. 5-13.) The Certificate was recorded on February 22, 2013, and was issued on January 24, 2013. (*Id.*) Plaintiff filed the instant action in state court on October 15, 2013. (Compl., Ex. A to Notice of Removal, ECF No. 1-1.)

Here, the Court finds that Plaintiff has not alleged sufficient facts to show that her request for judicial review is timely, even if the Court construes her claim as a petition for judicial review under Rule 21. Accordingly, because these causes of action are time-barred, at the least, the Court finds no grounds to grant leave to amend.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 4) is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**DATED** this __8__ day of ~~April~~ May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court